## Nº 74

## Wm Mc Scott

AT A SPECIAL SESSION OF THE COURT OF THE DISTRICT OF HURON AND DETROIT continued & held on Wednesday the fifteenth day of march, one thousand eight hundred nine, at the clerk's office, pursuant to adjournment, were present George McDougall, chief judge, and Jacob Visger, associate judge.

The Marshall presented his accounts to be audited by the court. The court audited the one for may term One thousand eight hundred eight, and

allowed him an item therein for Seventeen dollars thirty Seven cents & half for Summoning Witnesses to go before the Grand Jury; but in examining the other account for Services rendered by him at august term following, they do not consider themselves justifiable in passing the Same under the peculiar circonstances of the case. The Grand jury made a presentment against Sundry Shop & tavern Keepers, and the court considered it proper to order Summons to issue against the parties respectively having doubt how far the actions could be maintained; and the attorney general having refused to prosecute the Same, and entered a *nolo prosequi* in these & other actions, at Same term, on indictments, instituted also by Summons, also charged in Said account, the court are therefore only willing to allow the Marshall for Serving & returning each Summons for every person Served twenty five cents exclusive of mileage agreably to the Sixth Section of an act concerning compensations adopted the thirteenth day of august one thousand eight hundred five; from which decision the Marshall prays an appeal to the Supreme Court, which is allowed him, and the clerk is ordered to transmit a copy of the decision to the Supreme Court accordingly.

TERRITORY OF MICHIGAN, DISTRICT OF HURON & DETROIT SS

I Peter Audrain, clerk of the court of the district of Huron & Detroit, do hereby certify the foregoing to be a true copy from the minutes of the Said Court. IN TESTIMONY whereof I have hereunto Set my hand, and affixed the Seal of the Said court, at Detroit, the fifth day of october one thousand eight hundred nine. PETER AUDRAIN

clk. D. C. H. & D.

N° 74

*[Attached to the foregoing]*

DISTRICT OF HURON & DETROIT SS—IN THE DISTRICT COURT OF HURON & DETROIT—

*Appeal of William Scott, Marshall of Said district.*

The Marshall of the Said district prays leave to file his appeal from the decision of the district court in taxing his costs in the case of the United States vs. Sundry persons on an indictment for a riot i.e. James Mitchel, Sen^r Batiste Peltier—Louis Peltier, William M^cGuire—William Robison—James M^cCloskey—Pierre Dufour—George Hoffman—H. H. Hickman—Robert Smart & W^m Watson: also in the case of in the United States for retailing merchandize and Selling liquors without licence on a presentment from the Grand jury—vs Conrad Seek—Gabriel Godfroy, Senior, Gabriel Godfroy, jun^r C. Ten Eyck—H. Berthelet—Francis Labadi—James May 2. actions—H. J. Hunt—Francis Lafontaine—James Henry—Richard Smyth—John Gentle and James Lasselle—that the above actions are of a

criminal or penal nature, and that under a decision of the Supreme Court of the territory, where a party is acquitted without costs the Marshall Shall be entitled for all his Services relating to the Suit or action in Such case the Sum of two dollars fifty Cents, and not the Sum of twenty five cents for Summoning the defendants, as adjudged by the district court, and that he may be entitled to the judgment of the Supreme Court on the above appeal.
Detroit 15 march A.D. 1809—Signed   W<sup>m</sup> Scott

Marshall of the district of Huron & Detroit
Allowed by us in court
the 15th may 1809
(Signed)  Geo: M<sup>c</sup>Dougall
Jacob Visger
A true copy from the original filed in my office

PETER AUDRAIN
clk. D. C. H. & D.

[In the handwriting of Peter Audrain]

N° 90

COPY
of Alexis Maisonville's petition
filed in the Supreme Court
9. Oct<sup>ber</sup> 1809

[Case 225, Paper 1]

COPY   to be kept on the files—
Aux honorables juges de la Cour Supréme du territoire de Michigan.

Alexis Maisonville represente humblement qu'il demeure dans la province du haut Canada, et presque vis-avis la ville du Detroit; qu'il est un des plus ancients habitants Canadiens, et qu'il a toujours eté dans l'habitude d'envoyer Son bled moudre aux moulins à eau etablis Sur la riviere Rouge, ou Sur la Riviere aux écorces dans le territoire de Michigan, même depuis qu'une douâne a eté établée au Detroit; que les Collecteurs ne l'en ont Jamais empêché jusqu'à l'année derniere au mois de juillet 1808, lorsqu'il envoya une pirogue chargée de trente minots de ble froment à un des dits moulins pour être convertir en farine et Rapporté chez lui pour la nourriture de Sa famille: que celle pirogue montait la Riviere en plein jour; fut Saisie par des personnes preténdant en avoir l'authorité, et conduitte par eux au Detroit, ou le froment fut déchargé et déposé a la douâne; que le dit froment a eté libellé, condamné et vendu par décrêt de la cour Supréme du territoire de Michigan.

Le Suppliant Represente à vos honeurs qu'il ne Savait pas que la loi defendit d'amener du bled de la province du haut Canada aux moulins dans le territoire de Michigan pour être Converty in farine, et Remporté de Suitte dans la province du haut Canada pour l'usage du propriétaire. Le Suppliant déclare n'avoir jamais eû l'intention d'enfreindre les loix du revenu des Etats Unis de l'Amerique qu'il n'aurait jamais fait Conduire Son froment au moulin en plein jour s'il eut Sçu [Su] que les loix le defendaient.

Le Suppliant est Sensiblement affligé d'être Soupconné d'avoir eû l'intention d'enfreindre la loi et de voir Sa propriété Saisie et Vendue et d'etre en outre Sujet à une amende Considérable et d'être par la privé de visitter Ses parents et amis dont la majeure partie Reside au Detroit ou dans Ses environs. Il Supplie Vos honneurs de prendre en considération Sa Situation affligeant et de lui accorder telle justice et Soulagement que vous croirez juste et Raisonable—et le Suppliant priera &c

Septembre 6, 1809.                               (signed)   Alexis Maisonville
                    [In the handwriting of Peter Audrain]

N° 90                              Copy of a letter
                        from the Sec^y of the treasury
                                       to
                      Augustus B. Woodward—Chief judge
                        respecting Alexis Maisonville

                        filed in the Supreme Court
                            30th nov^ber 1809

                        [Case 225, Paper 2]
                                                Treasury department
                                                November 3^d 1809.
Sir
    I have the honor to transmit herewith a duplicate of my decision in the case of Alexis Maisonville of Upper Canada.
                            I am very respectfully
                                Sir
                                        Your obed^t Serv^t
Hon.                                    (Signed)Albert Gallatin
    Augustus B. Woodward
    judge of the Supreme Court
    of the territory of Michigan.

I certify the above to be a true copy from the original.

Detroit—30th november 1809

PETER AUDRAIN

clk of S. C. T. M.

[In the handwriting of Peter Audrain]

Nº 90

COPY

of the remission of penalty &c

for

Alexis Maisonville

filed in the Supreme Court

30. nov<sup>ber</sup> 1809

PETER AUDRAIN    clk

[Case 225, Paper 3]

*To all to whom these presents shall come; I Albert Gallatin Secretary of the Treasury of the United States, Send* GREETING:

WHEREAS a statement of facts, bearing date the sixth day of September, 1809, with the petition of Alexis Maisonville, of the Province of Upper Canada, thereto annexed, touching a certain forfeiture & penalty incurred under the Statute of the United States, entitled,

"An Aact to regulate the collection of duties on imports and tonnage," has been transmitted to the Secretary of the Treasury by the Superior Court of the Territory of Michigan, pursuant to the Statute of the United States, entitled, "An act to provide for mitigating or remitting the forfeitures, penalties and disabilities accruing in certain cases therein mentioned," as by the said statement of facts and petition remaining in the treasury Department of the United States, may fully appear: AND WHEREAS, I, the said Secretary of the Treasury, have maturely considered the said statement of facts and petition,

NOW THEREFORE KNOW YE that I the said Secretary of the Treasury, in consideration of the premisses, and by virtue of the power and authority to me given by the said last mentioned Statute, do hereby decide to remit to the said Petitioner all the right, claim and demand of the United States and of all others whomsoever, to the penalty aforesaid, on payment of costs, and

of twenty dollars for the use of the collector of Detroit; it being never-theless understood that the forfeiture of the wheat already condemned is not hereby remitted.

GIVEN under my hand and seal of office in the City of Washington this third day of November in the year of our Lord one thousand eight hundred and nine and the thirty fourth year of the independence of United States.     Albert Gallatin

Secretary of the treasury

(L. s.)

I certify the above to a true copy from the original.

Detroit 30. november 1809.
PETER AUDRAIN
clk. S. C. T. M.

*To the Hon^le the Supreme Court in and over the Territory of Michigan Now in Term or session—*

Solomon Sibley of Detroit in the said Territory of Michigan Att^y at Law complaining giveth the said Court to understand and be informed; That George Hoffman Esq^r, late Collector for the District of Michilimackinac in said Territory died at Detroit within the judicial District of Huron & Detroit on or about the 2^d day of March A.D. 1810 possessing at the time of his death within said District of Huron & Detroit sundry articles of personal property which it is understood and believed were the property of s^d George —That a few days previous to his death the said George Hoffman made and executed a certain instrument of writing purporting to be his last will and Testament which s^d writing is in the words following, to wit, "In the name of God Amen: I George Hoffman collector for the District of Michilimackinac, of sound mind and memory make this my *last will and Testament* —and by this instrument of writing, will, devise & bequeath to my Father Christian Hoffman and my mother Anna Hoffman, jointly, all the property, be it real, personal or mixed which I now own or possess, or to which I have any claim—or to which I may at any time hereafter acquire any right or interest whatever. My Debts I hope will be punctually Paid.

Solomon Sibley, of Detroit, William Creighton Ju^n & Abraham J. Williams of Chilicothe, Ohio, and my Father Christian Hoffman are requested & solicited to act & officiate as Executors of this my Will.—

(Sig^d) Geo. Hoffman    (Seal)

Signed sealed published & declared by George Hoffman as his last will & Testament in our presence & before us.

(Sig^d) W^m Scott  James Abbott  Reuben Atwater."—

Your complainant Sol Sibley finding himself nominated and appointed one of the Executors of the said George and being desirous of executing s^d Trust in conformity to the desire of the Testator expressed in his will and being also advised that the said Christian Hoffman was desirous of acting as executor under said will, in conformity with the provisions of a Law of this Territory entitled "an act concerning wills and Intestacies" adopted and published at Detroit the thirty first day of August 1805 did for himself and for and on behalf of the said Christian Hoffman, on Monday the seventh day of April 1810 make application in writing to the Hon^l the District Court for the District of Huron and Detroit, said Court being held on said Day at Detroit in the Indian Council House by Jacob Visger Chief Judge and John Whipple associate Judge, therein praying said Court to take cognizance of the proof of said will, and thereon to grant certificate of the probate thereof according to the provisions of said Law of s^d Territory—A Copy of which s^d Petition is hereunto annexed duly certified by the Clerk of said Court— Your complainant further states and gives this honorable court to under-stand and be informed That the Hon^l the District Court afores^d did receive said petition of your complainant and ordered the same filed in said Court, and further in violation of the provissions of said act as your complainant believes and to the oppression of your complainant and hindrance of Justice by a denial of the due execution of the laws, did adjudge and declare that the said District Court, had no jurisdiction of the subject matter contained in s^d Petition and then and there said Jacob Visger & John Whipple judges of said Court so holding the same as afores^d in manifest violation of their duty, and to the oppression of your complainant as well as the s^d Christian Hoffman, did refuse to receive proof of the execution of s^d will which by law s^d Court were bound and obliged to do—As by the Judgm^t of said Court duly certified and annexed hereunto will fully appear—

Wherefore as your complainant & the s^d Christian have no mode of redress against said Court whereby to compel the Judges thereof to execute law and do justice, but by writ of Mandamus do pray this Court for a writ of Mandamus addressed to the Hon^l the District Court for the District of Huron & Detroit commanding and requiring said Court to take the Proof of the will of the said George Hoffman deceased and to grant certificate of Probate thereon and in other respects act under and conformable to law touching the prayer of s^d Petition—and as in duty Bond &c

Sol Sibley for himself & for<br>and on behalf of<br>Christian Hoffman

Be it remembered that personally appeared before me the subscribed one of the Justices for the District of Detroit, Sol. Sibley who being sworn saith,

that the within and foregoing statem^t is substantially true to the best of his knowledge & belief—                Detroit May 10, 1810.

PETER AUDRAIN  J. P. D. D.

filed in the Supreme Court

10 may 1810

PETER AUDRAIN Clk. S. C.

[In the handwriting of Solomon Sibley]

[The original manuscript is in file 74, Probate Court, Wayne County Building, Detroit.]

COPY

filed in the Supreme Court

10 may 1810

PETER AUDRAIN clk. S. C.

N° 1.

[Case 232, Copy of DC Record]

AT A COURT HELD FOR THE DISTRICT OF HURON & DETROIT, on Monday the Seventh day of May one thousand eight hundred ten, at eleven of the clock in the forenoon, at the Council house, in the city of Detroit, were present—                Jacob Visger, Chief Judge

John Whipple, Associate Judge.

Solomon Sibley Esquire, one of the executors of the last will and testament of George Hoffman, deceased, presented a petition praying that the Said will may be proved before this court; the Said petition was read and ordered to be filed; and thereupon it is CONSIDERED by the court that they have no jurisdiction, and therefore refuse the prayer of the Petitioner.

TERRITORY OF MICHIGAN        }
DISTRICT OF HURON & DETROIT  }

I Peter Audrain, clerk of the court of the district of Huron & Detroit, do hereby certify the foregoing to be a true copy from the record of the Said court, IN testimony whereof I have hereunto Subscribed my name, and affixed the Seal of the Said district court, at Detroit, the eighth day of May one thousand eight hundred ten.                PETER AUDRAIN

[SEAL]                clk. D.C. H. & D.

The petition above mentioned in the following words, to wit.

To the Hon^ble the district court for the district of Huron and Detroit now in Session of the term of May 1810.

The petition of Sol. Sibley of Detroit, attorney at law, one of the executors named in the last will and testament, of George Hoffman Esq$^r$ deceased SHEWETH

That the Said George Hoffman Esq$^r$ died at Detroit, in the district of Detroit, and territory of Michigan on the evening of the 2$^d$ day of March 1810 —That some short time before he died, the Said George Hoffman did make, execute, publish, and declare his last will and testament in writing Signed and Sealed by him, the Same being duly attested, and Witnessed according to law—That in and by Said will the Said George Hoffman hath named, constituted and appointed William Creighton, jun$^r$, J. Williams, Christian Hoffman, and your petitioner Sol. Sibley, his Executors—Your petitioner has knowledge that the testator died possessed of Sundry articles of personal property within the district of Detroit, which gives to this hon$^{ble}$ court jurisdiction in and over Said property, and the proving or probate of Said will—The representatives of the Said George Hoffman, living within the district of Detroit, are his late Wife Margeretta Hoffman, now a widow, and an infant son by name Worthington [Washington] Hoffman or George Worthington [Washington] Hoffman of the age of Seven or eight months living with his mother M$^{rs}$ Hoffman.—Your petitioner therefore in pursuance of the trust reposed in him by the testator George Hoffman, brings here into court the will of the Said George, and for himself, and for and on behalf of Christian Hoffman named executor in Said will, as aforesaid, offers Said will for proof and probate.—Your petitioner therefore prays this court for a Subpoena to James Abbott, William M$^c$Dowell Scott, and Reuben Attwater Esq$^{rs}$ Subscribing Witnesses to Said Will, to compel their attendance before this court at a time certain, to give testimony and proof of the due execution of Said will by the Said George Hoffman deceased; and also that a citation in special and general may issue to the Said Margretta and Worthington [Washington], or George Worthington [Washington] Hoffman the Son of the testator, and all others interested in the proof of Said Will, to appear in this court and Shew cause, if any they have, why Said will Should not be proven, approved, and probate thereon granted to your petitioner and the Said Christian Hoffman, two of the Executors therein named; and as in duty bound will ever pray &c     (Signed) Solomon Sibley on behalf of

District of Detroit                                     himself and for
May 7. 1810.                                          Christian Hoffman

I Peter Audrain, clerk of the court of the district of Huron & Detroit, do hereby certify the foregoing to be a true copy from the Original filed in my office. Detroit the eighth day of May A.D. 1810.     PETER AUDRAIN
                                                         clk. C.D. H. & D.

[In the handwriting of Peter Audrain]

[The original manuscript is in file 74, Probate Court, Wayne County Building, Detroit.]

Return
of the Marshall
on the rule to Shew cause

filed in court 15 may 1810
PETER AUDRAIN clk S. C.

N° 2

[Case 232, Marshal's Return]

In obedience to an order of the Supreme Court of the Tenth of May, Instant, I have served a copy of the same, on Jacob Visgar and John Whipple Judges of the District Court of the District of Huron and Detroit.
Detroit 15 May 1810                                    W<sup>M</sup> SCOTT Marshal

Serv.    $1
mil.         :37½
          ―――――
         $1:37½

[In the handwriting of William M<sup>c</sup>Dowell Scott]
[The original manuscript is in file 74, Probate Court, Wayne County Building, Detroit.]

Statement
of Jacob Visger      ⎫
& of John Whipple  ⎭

Judges of the district Court
of Huron & Detroit

filed in Court 15. may 1810
PETER AUDRAIN clk. S. C.

N° 3.

[Case 232, Statement of Judges]

TERRITORY OF MICHIGAN, TO WIT.

THE DISTRICT Court of Huron and Detroit having been served with a rule from the Supreme Court, directing the Judges of said court to shew cause

before the said Supreme Court on Tuesday the fifteenth day of this present month of may at the Council House in the City of Detroit at eleven of the clock in the forenoon, why a writ of mandamus should not Issue pursuant to the motion of Solomon Sibley one of the Executors named in the last will and Testament of George Hoffman deaceased in behalf of himself and of Christian Hoffman, one of the Executors of said last will and Testament, Commanding said Judges to admit the said last will and Testament to probate pursuant to the provisions of an act concerning wills and intestacies;—

The Court on mature reflection, considered that the laws adopted and published by the Governor and Judges of this Territory, at their last Session were adopted within the powers given them by the ordinance of Congress of the thirteenth of July one thousand seven hundred and eighty seven, and that a Judge of probate has been appointed under said laws to whom the power has been given to take the proof of a will, and grant a Certificate of Such probate and therefore the court declined Interfering.

14th May 1810

[In the handwriting of Jacob Visger]
[The original manuscript is in file 74, Probate Court, Wayne County Building, Detroit.]

In the Supreme Court                    26. may

RTBL$^e$ on tuesday 21st august 1810

The United States
    to
Jacob Visger, chief judge,      } Mandamus
and John Whipple, associate
judge of the district Court &$^c$ 

N$^o$ 4

[Case 232, Writ of Mandamus]

TERRITORY OF MICHIGAN, TO WIT—

THE UNITED STATES *of America to Jacob Visger, Chief judge, and John Whipple, one of the associate judges, of the court of the district of Huron and Detroit:* WHEREAS Solomon Sibley, one of the executors of the last will and testament of George Hoffman, deceased, in behalf of himself, and of Christian Hoffman, one of the co-executors of the Said last will and testament . . . . has given us to understand, and be informed before the judges of our Supreme Court of the territory of Michigan, that on monday the Seventh

day of the present month of May he did, in behalf of himself, and of the Said Christian Hoffman, apply to the court of the district of Huron & Detroit, for the probate of the Said last will and testament which was refused ·by the Said court; We therefore being willing that due and Speedy justice be done to the Said Solomon Sibley, applying in behalf of himself, and Christian Hoffman, executors of the Said last Will and testament of George Hoffman deceased, COMMAND you that you do admit to probate the Said last will and testament of the Said George Hoffman, deceased, or Signify to us cause to the contrary thereof; and how you Shall execute this our command certify to us in our Said Supreme Court of the territory of Michigan, at Detroit aforesaid, on the tuesday after the third monday in august next at eleven of the clock in the forenoon, at the council-house in the city of Detroit, returning then & there this writ. WITNESS Augustus B. Woodward, chief judge of the Supreme Court of the territory of Michigan the twenty Sixth day of May one thousand eight hundred ten.        PETER AUDRAIN
                                                          clk. S. C. T. M.

[In the handwriting of Peter Audrain]

[Indorsement]

In obedience to the above writ, it has been served on Jacob Visgar, chief Judge, and also on Jn° Whipple associate Judge of the District of Huron and Detroit.  Detroit 21 Augsᵗ AD 1810          Wᴹ SCOTT Marshal

| Serv. on J. Visgar | $2 |
| mil | 18¾ |
| Serv. on J. Whipple | 2. |
| mil.    66. | 4.12½ |
| ------------ | $8.31¼ |

[In the handwriting of William McDowell Scott]
[The original manuscript is in file 74, Probate Court, Wayne County Building, Detroit.]

Answer of Jacob Visger
filed in Court 21. august 1810

N° 5

[Case 232, Judge Visger's Answer]

The Subscriber as Chief Judge of the Court of the District of Huron and Detroit to whom a Conditional writ of mandamus hath been issued from the

Honorable supreme court dated the twenty sixth day of may last past (addressed to himself and John Whipple one of the associate Judges of said Court, who is now absent;) Commanding us to admit to probate the last will and Testament of George Hoffman deceased or signify to the Honorable Judges of the said supreme Court cause to the contrary thereof

Begs leave with due submission to refer the said Court to the answer made to the rule served on said Judges at last may Term—

And for further reason respectfully states that the Honorable Judge who then held said court has in an Interlocutary Judgement egregiously mistaken the reasons which influenced your respondent on that occasion;—

His opinion respecting the last code of laws addopted by the Governor and Judges Griffin & Witherell was formed on mature consideration and which he has not yet seen cause to alter, that there does not exist any where a power of disanulling, abrogating, or repealing laws so adopted and promulgated, save in the Congress of the United States, or in the Governor and Judges sitting in there legislative capacity, having founded that opinion upon the construction published at the beginning of the printed Code by the said Judge and the ordinance of Congress of the 13th July 1787 which states "that such laws shall be in force unless disapproved by Congress."

*Blackstone*, Speaking of the writ of mandamus says it issues in all cases where the party hath a right to have a thing done, *And hath no other specific means of compelling its performance*

Your respondant humbly conceived and still conceives that an alternative was given to Solomon Sibly the complainant in this case, provided the Honorable Judge aforesaid considered the Act Concerning wills and Intestacies adopted 31st of August 1805 to be in force; said act enacting "that the Courts of the several Districts of the Territory of Michigan *or any Judge of said Territory*, or the Clerk of the court of the District shall have power to take the proof of a Will and grant a Certificate of such probate."

Why the Honorable Judge aforesaid did not adopt the alternative but prefer'd this mode of forcing the Consciences of the aforesaid Judges of the District Court is much to be lamented And your respondent solemnly avers before God and this Honorable Court that he would prefer death to such complyance and act a part so unworthy the Character of an honest man and a Judge, so contrary to the oath he has taken, having been appointed Chief Judge of said Court under the last laws adopted as aforesaid.

Detroit 21st August 1810
JACOB VISGER
C. J. Ct D H & Detroit

[In the handwriting of Jacob Visger]

[The original manuscript is in file 74, Probate Court, Wayne County Building, Detroit.]

In the Supreme Court

Rule
on George M<sup>c</sup>Dougall.

I have served this rule
by leaving a copy on the
third day of Sept<sup>r</sup>

Serv        $

W<sup>M</sup> Scott          Served 3<sup>d</sup> Sept<sup>r</sup>

Marshal

[Case 233, Paper 1]

Territory of Michigan— to wit—

At a Session of the Supreme Court of the territory of Michigan continued & held on thursday the thirtieth day of august one thousand eight hundred ten, at the clerk's office, pursuant to adjournment, were present
    Augustus B. Woodward—chief judge
    John Griffin                judge.

Ordered that George M<sup>c</sup>Dougall be ruled to Shew cause on or before the third day of the next term of this Court why he Should not be punished for a contempt in writing and Sending to this Court, and to the judges thereof, Sundry letters, representations, and calculations respecting the case of Veronique Campeau against Charles Poupard, and that a Copy of this rule be Served upon him, at least ten days before the Said day.

                            A true Copy from the Minutes
                                Peter Audrain
                                Clk. S.C.T.M.

[In the handwriting of Peter Audrain]

Territory of Michigan            }
district of huron and detroit    } to wit

Be it remembered, that personally came before the Subscriber, a Justice of the peace of the Territory and District aforesaid; George M<sup>c</sup>Dougall, who being solemnly sworn deposeth and saith that having been repeatedly solic-

ited by Dame Véronique Campau, the Widow and relict of Simon Campau, deceased, to assist her and Orphan Children to compel one Charles Poupard to perform the Covenants in his Agreement entered into with her, at Detroit on the Sixteenth day of May A D One thousand Eight hundred and *three*, to pay the Debts that were chargeable on the said Estate and the Heritages of the Heirs; inasmuch as the Interests thereon would in time absorb the whole; and more particularly to obtain her Dowry, & *maintain her as was contemplated thereby:*—He, your Deponent at length consented to administer to the said Estate, and took out Letters of Administration on or about the 18 June 1807 in the Office of Peter Audrain Esquire Clerk of the Court of the District of Huron and Detroit, *in consequence of a written petition of the said Widow and a Majority of the Heirs aforesaid, to him addressed and delivered*—

Whereupon Your Deponent with the advise and assent of the said Widow employed Elijah Brush Esquire Attorney at Law, who draughted, and your Deponent transcribed, a Bill in Equity, which was presented by him to this Honorable Court at September Term A D 1807 (seven), & which came to a hearing at September Term 1808 (Eight), when an Interlocutory Decree was openly read in Court allowing the said Widow (some time in October to the best of your Deponents Memory) about Twelve Dollars each Month:— shortly after which the said Elijah Brush departed for the State of Ohio, leaving the said Widow without any Attorney on Record, while her Opponent had two of the ablest, in the Country, who it was understood would use their best Talents, to have the Same reduced; at this time Your Deponent considered it his absolute Duty *and as bound by his Oath*, to assist the said Widow to the best of his powers by certain written statements, (the particular Contents of which, from the length of time) he has now almost forgotten—but these nevertheless proved eventually fruitless, the Monthly Alimony having been on the 5 Decem^r following reduced to Ten Dollars, the reasons or ground for which your Deponent has never as yet, been able to learn.

Your Deponent, on his said Oath further declares, that he was actuated in all the foregoing transactions, by the purest, most disinterested & Charitable Motives; that in lieu of Committing a Contempt of Court, as is alledged in the Rule served on him; he believed he was entitled to the praise, which your Deponent was informed, the then Chief Judge during the Trial & in his absence had bestowed on him for his Conduct in the premises— And further Your Deponent saith not—

Sworn & Subscribed before me
the 27 Sep^r A D 1810 (Ten                     GEO. M^cDOUGALL
    JAMES ABBOTT,
    Justice of the Peace.

[In the handwriting of George McDougall]